### G. H. B. THOMPSON *v.* SAMUEL L. COOPER ET AL.

**Guardian and Ward—Purchase of Land ror Ward—Title in Trust.**

A guardian is not bound to advance his own means to protect the land of his infant wards, but as he did purchase it ror their benefit, he held the legal title in trust for them.

**Same—Limitation.**

The appellees did not lose their right to maintain this action by reason of their failure to sue immediately after arriving at age.

**Same—Notice of Holding.**

It is the duty of a Guardian to notify his ward of the manner in which he holds his land, and if he fails, within a reasonable time to offer to refund the money advanced by his guardian, he will lose his right.

**Same—Jurisdiction.**

This is in effect, an action to enforce the performance of a personal duty, and noι to secure the possession of land, and is therefore not local.

APPEAL FROM BRACKEN CIRCUIT COURT.

April 21, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

Although appellant was not bound legally to advance his own means in the protection of the lands of his infant wards, yet it appears from the evidence in this case, that he did purchase the fifty acres of land for their benefit, and that by stating that such was his intention at the time he bid for the same, he thereby prevented other parties from bidding. The court did not err in adjudging that he held the title in trust for the appellees, nor do we think that appellees have lost their right to maintain

this action, by reason of their failure to sue immediately after arriving at age. In all cases the law requires the utmost good faith upon the part of the guardian in transactions with his wards relative to their estate. It was his duty to have notified the appellees of the manner in which he held their land, and if he had done this, and they had not, within a reasonable time, offered to refund to him the money advanced for their benefit, the case would have been different. But he seems to have claimed the land as his own and denied their title and to have occupied and enjoyed the same until the rents and profits will go very far towards discharging his claim against them, and now seeks to avoid responsibility on account of this violation of his duty as a fiduciary. The question of jurisdiction is not raised in the pleadings, but if it had been, we do not regard it as available. This is in effect an action to enforce the performance of a personal duty, and not to recover the possession of land and is therefore not local in its character.

Judgment affirmed.

*Willis & Taylor, for appellant.*
*Doniphan, for appellees.*